| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- X<br>FRANKLIN ESTRELLA,<br>         Plaintiff,<br>    -v-<br>UNITED STATES OF AMERICA,<br>         Defendant.<br>------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>June 7, 2017</u><br><br>08-cr-823 (KBF)<br>16-cv-05312 (KBF)<br><br><u>MEMORANDUM<br>DECISION & ORDER</u> |

KATHERINE B. FORREST, District Judge:

  Franklyn Angel Estrella, currently incarcerated at the Danbury Federal Correctional Institution, brings a petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Petitioner was sentenced on April 22, 2009 to 250 months imprisonment followed by five years of supervised release. For the reasons set forth below, the petitioner's motion to vacate is DENIED.

I.  BACKGROUND

  On September 2, 2008, petitioner was indicted for conspiring to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). (08-cr-823 ECF No. 15.) On January 13, 2009, the grand jury issued a superseding indictment, which added a second count charging petitioner with distributing and possessing with intent to distribute a controlled substance. (08-cr-823 ECF No. 48.) Petitioner ultimately pled guilty to the first count of the Superseding Indictment, and Judge Baer sentenced petitioner

to 250 months imprisonment followed by five years of supervised release. (08-cr-823 ECF No. 73.)

On November 20, 2017, petitioner moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes courts to reduce the term of imprisonment in the cases of defendants who have been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). (08-cr-823 ECF No. 144.) Petitioner's case was then reassigned to the undersigned on June 5, 2015, and this Court denied petitioner's motion for a reduction of sentence. (08-cr-823 ECF No. 149.) As this Court explained, the defendant's offense level was determined by the fact that he is a "career offender" and not by the amount of drugs involved in the offense, therefore rendering petitioner ineligible for a sentence reduction under § 3582(c)(2). (Id.)

A couple of weeks later, the Supreme Court decided United States v. Johnson, which invalidated a portion of a provision of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. at 2557. On June 29, 2016, petitioner filed a letter requesting permission to file a motion to vacate his sentence under 28 U.S.C. § 2255 "for the purpose of seeking relief pursuant to . . . Johnson v. United States, 135 S. Ct. 2551 (2015)". (16-cv-5312 ECF No. 1.) The Court construed petitioner's letter as itself a petition under §2255 and directed petitioner to supplement his motion with any further support not later than August 22, 2016. (16-cv-5312 ECF No. 2.) Petitioner did not respond to the Court's invitation.

II.   DISCUSSION

Pro se litigants, such as petitioner, are "entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Nevertheless, a Court may dismiss a petition under § 2255 without holding an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted); see also Fed. R. Governing Section 2255 Proceedings for the U.S.D.C. 4(b) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.") Construed broadly, petitioner's motion seeks relief pursuant to United States v. Johnson, which was held in Welch v. United States, 136 S. Ct. 1257 (2016) to have effected a new substantive rule of constitutional law that applies retroactively on collateral review. Id. at 1265. The record, however, reveals that Johnson does not apply to this case.

ACCA—the statute at issue in Johnson—provides for an enhanced minimum sentence for a felon in possession of a firearm who is found to have three or more prior convictions for a "serious drug offense" or a "violent felony." 28 U.S.C. § 924(e)(1). ACCA defines a "violent felony," in part, as "any crime punishable by imprisonment for a term exceeding one year" that "is burglary, arson, or extortion,

3

involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii).  In Johnson, the Court held that the final clause of this provision (beginning with "or otherwise") violates the Fifth Amendment's Due Process Clause because it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, [and] so standardless that it invites arbitrary enforcement."  135 S. Ct. at 2556.

Plainly, petitioner does not seek relief directly under Johnson, as ACCA played no part in petitioner's case.  Petitioner was convicted for conspiring to violate the narcotics laws of the United States, not for unlawfully possessing a gun.  (See 08-cr-823 ECF Nos. 48, 73.)  The Court therefore understands petitioner to raise the following argument:  petitioner was sentenced as a "career offender" under the Sentencing Guidelines; at the time of petitioner's sentencing; the Guidelines defined a defendant as a "career offender" if (1) he was at least eighteen years old at the time that he committed the instant offense of conviction, (2) his instant offense was a "crime of violence" or a "controlled substance offense," and (3) he had committed two prior felonies that were either a "crime of violence" or a "controlled substance offense"; the Guidelines's definition of a "crime of violence" included language that was identical to the portion of ACCA that was deemed to be unconstitutionally vague in Johnson, see U.S.S.G. § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2008); if such language could not constitutionally appear in ACCA, it therefore must also be unconstitutional in the Guidelines.

4

Petitioner's argument fails for two reasons.  First, the presentence investigation report ("PSR") Judge Baer received prior to petitioner's sentencing hearing makes clear that petitioner's "career offender" status was based on his instant and prior convictions for "controlled substance offenses"—not for "crimes of violence."  (PSR ¶ 40.)  In other words, petitioner's career offender status is in no way related to the provision in ACCA that the Supreme Court found to be unconstitutionally vague in Johnson.

Second, even if petitioner had been designated a "career offender" based on the portion of U.S.S.G. § 4B1.2(a)(2) that tracked the unconstitutional language in ACCA, the Supreme Court's recent decision in Beckles v. United States, 137 S. Ct. 886 (2017) forecloses petitioner's argument.  There, the Court expressly held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," id. at 890, because "[u]nlike the ACCA . . ., the advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," id. at 892.  As a result, petitioner's challenge to his sentence, which was set in accordance with his "career offender" status under the Guidelines, must fail.

III.  CONCLUSION

For the reasons set forth above, petitioner's motion to vacate, set aside or correct his sentence is DENIED.  The Court further declines to issue a certificate of

appealability, as petitioner has not made a substantial showing of a denial of a federal right. See Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012).

The Clerk of Court is directed to terminate the petitions at ECF No. 180 in 08-cr-823 and ECF No. 1 in 16-cv-5312 and to terminate 16-cv-5312.

SO ORDERED.

Dated: New York, New York
June 7, 2017

_____
KATHERINE B. FORREST
United States District Judge